NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT C. WILLIAMS, | No. 20-16309 |
| Plaintiff-Appellant, | D.C. No. 1:17-cv-00917-JLT |
| v. | |
| NDUBUISI OBIOHA, Psychiatric Technician; RUBEN CASANOVA, Psychiatric Technician; ROBERT CHASE, Psychiatric Technician, | MEMORANDUM* |
| Defendants-Appellees, | |
| JASON MONTIJO, Psychiatric Technician, | |
| Defendant-Appellee, | |
| and | |
| COALINGA STATE HOSPITAL; GERARDO ALCALA, | |
| Defendants, | |
| STEPHEN GARZA; WILLIAM MCGHEE, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Robert Williams appeals the district court's grant of summary judgment for defendants. Reviewing de novo, we affirm. *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020).

Williams alleged that defendants—psychiatric technicians at Coalinga State Hospital—violated the due process clause by failing to protect him from another civil detainee, Corey Bell. Summary judgment was properly granted because the undisputed evidence shows that the defendants neither assigned Williams to the unit where the incident occurred nor had reason to perceive an unreasonable risk from Bell. *See Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (holding that a failure to protect claim requires, among other things, an intentional decision by a defendant to put a plaintiff in conditions that pose a substantial risk of serious harm.).

Williams also alleged equal protection and conditions of confinement claims and appeals the district court's dismissal of these claims for failure to state a claim.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

They were properly dismissed, however, because Williams pleaded no facts that he was either intentionally discriminated against or subject to punitive detention conditions. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (equal protection claim requires intentional discrimination); *King v. Cty. of L.A.*, 885 F.3d 548, 556–57 (9th Cir. 2018) (civilly detained individuals may not be subjected to conditions that constitute punishment).

**AFFIRMED.**